# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:19-CV-6547 ) |
| ELLEN HUBBELL, JORDYN TSOUKALAS, IRA COHEN AS GUARDIAN AD LITEM on behalf of A.T., a minor, and ATHENA GORDAN, | ) Judge Robert W. Gettleman ) Magistrate Judge Gabriel A. Fuentes ) ) ) ) |
| Defendants. | ) |

## GENWORTH LIFE AND ANNUITY INSURANCE COMPANY'S MOTION FOR FINAL JUDGMENT ORDER IN INTERPLEADER AND PETITION FOR FEES AND COSTS

Plaintiff Genworth Life and Annuity Insurance Company ("Genworth"), by its attorneys, Julie F. Wall and Kaitlyn E. Luther of Chittenden, Murday & Novotny LLC, states as follows for its Motion for Final Judgment Order in Interpleader and Petition for Fees and Costs:

1. On October 2, 2019, Plaintiff filed its Complaint for Interpleader under Fed. R. Civ. P. 22 to resolve competing claims to the proceeds of the Genworth life insurance policy, designated Policy No. 9,353,018 (the "Policy"), issued by Genworth to Christ Tsoukalas, on the life of Christ Tsoukalas, in the amount of $300,000.00. (ECF Doc. No. 1).

2. On October 11, 2019, the Court granted Genworth's motion to deposit its admitted liability under the Policy with the Court. (Doc. No. 17).

3. On October 16, 2019, Genworth deposited its admitted liability under the Policy in the amount of $306,593.59, representing the death benefit under the Policy plus accrued interest, into the Registry of this Court, subject to this Court's further order as to whom among the

Defendants is entitled to receive those proceeds. See Receipt of $306,593.59, Receipt No. 4624231872, dated October 16, 2019 attached hereto as <u>Exhibit 1</u>.

4. On October 7, 2019, Genworth filed Athena Gordan's Waiver of the Service of Summons and her attorney filed an appearance on her behalf. (ECF Doc. Nos. 8, 9). Counsel for Athena Gordan subsequently informed counsel for Genworth that Athena Gordan denies that she has an actual or potential claim to the Policy's proceeds and disclaims all interest in the Policy's proceeds. See Declaration of Athena Gordan dated December 4, 2019 attached hereto as <u>Exhibit 2</u>. Athena Gordan has not filed and, per her counsel, does not intend to file a responsive pleading to Genworth's Complaint for Interpleader or otherwise participate in this litigation.

5. As Genworth alleged in its Complaint, it communicated with Ellen Hubbell and Ira Cohen, an attorney claiming to be the guardian for A.T., regarding the proceeds of the Policy before filing its Complaint. (ECF Doc. No. 1, ¶¶ 16-19). Thus, Genworth named Ira Cohen as A.T.'s guardian in its Complaint.

6. On October 8, 2019, counsel for Genworth spoke with attorney Kevin McCormick who informed counsel for Genworth that Ira Cohen was not the guardian for A.T., but rather Ellen Hubbell would serve as A.T.'s guardian in this litigation. Mr. McCormick further informed counsel for Genworth that a separate attorney, Jay Andrew, would represent Ellen Hubbell, individually, in the litigation as a claimant to the Policy proceeds.

7. On October 10, 2019, attorney Kevin McCormick filed Waivers of the Service of Summons and appearances on behalf of Jordyn Tsoukalas and Ellen Hubbell, as Guardian for A.T. (ECF Doc. Nos. 11, 12, 13).

8. On October 10, 2019, attorney Jay Andrew filed a Waiver of the Service of Summons and an appearance on behalf of Ellen Hubbell. (ECF Doc. Nos. 14, 15).

9. In mid-December 2019, counsel for Genworth had multiple telephone calls with counsels for Ellen Hubbell, Jordyn Tsoukalas, Ellen Hubbell as Guardian for A.T., and Athena Gordan to ascertain whether they intended to file responsive pleadings, which had been due for all parties on December 2, 2019, disclaim interest in the Policy, or be defaulted from the litigation.

10. On December 20, 2019, Defendants Jordyn Tsoukalas and Ellen Hubbell, as Guardian for A.T., filed their Answer to Complaint for Interpleader. (ECF Doc. No. 18).

11. On December 24, 2019, Defendant Ellen Hubbell filed her Answer to Complaint for Interpleader. (ECF Doc. No. 20).

12. Ira Cohen, named as a Defendant solely as Guardian ad Litem on behalf of A.T., did not submit a waiver of the Service of Summons and has not appeared or filed a responsive pleading in this litigation. Instead, Ellen Hubbell has appeared in the capacity of A.T.'s guardian in this litigation.

13. Athena Gordan has disclaimed any interest in the Policy's proceeds.

14. Defendants Ellen Hubbell, Jordyn Tsoukalas, and Ellen Hubbell as Guardian for A.T. are the remaining adverse claimants to the Policy's proceeds.

15. An award of attorneys' fees is appropriate in an interpleader action "because the stakeholder is the target of a dispute which is not of his own making, and because he 'is often viewed as having performed a service to the claimants by initiating a proceeding which will expeditiously resolve their claims and by safeguarding the disputed fund by deposit in court . . . .'" *Law Offices of Birndorf v. Joffe*, No. 89 C 6484, 1990 WL 103234, at *3 (N.D. Ill. July 16, 1990) (quoting *United Bank of Denver v. Oxford Properties, Inc.*, 683 F. Supp. 755, 757 (D. Colo. 1988)).

16. "[A] court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholder's efforts are not part of its normal course of business." *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008) (awarding fees to stakeholder in complex case with extensive discovery and motion practice); *see also N. Tr. Co. v. Meineke*, No. 90 C 938, 1991 WL 65929, at *1 (N.D. Ill. Apr. 22, 1991) (awarding fees to insurer in case in which defendant made case more costly); *Law Offices of Birndorf*, 1990 WL 103234, at *3 (finding that plaintiff's rates were reasonable, all the work related to plaintiff's "effort to sort out the competing claims to the funds at issue," and awarding attorneys' fees for all hours plaintiff worked, including work performed before the initiation of litigation).

17. In *Thrivent Fin. for Lutherans v. Warpness*, the court awarded fees to the insurer, in part, because the insured was careless and failed to clarify beneficiary designations after his divorce and entered into a vague and indefinite divorce settlement. No. 16-C-1321, 2017 WL 2790235, at *3 (E.D. Wis. June 27, 2017). "Awarding the insured fees and expenses out of the policy proceeds in such cases not only places the loss on the party responsible for the confusion (or more accurately those standing in the shoes of the person responsible), but it also incentivizes insureds to make their beneficiary designations clear and update them when significant changes in their lives call them into question. Such a rule also incentivizes the insurer to inquire into the legitimacy of the potential claims, protect the integrity of the fund, and act in a timely fashion." *Id.*

18. Genworth is a disinterested stakeholder in this action that incurred reasonable fees and costs performing work outside its normal course of business. Genworth does not dispute that Christ Tsoukalas, the insured, is deceased or that the proceeds of the Policy are payable. Genworth,

however, was forced to file this action due to the Defendants' competing claims to the Policy proceeds. Genworth would likely not have had to file this action if the insured had entered into an unambiguous divorce decree and clarified his beneficiary designations after his divorce.

19. An award of taxable costs and expenses to the prevailing party is permitted under Fed. R. Civ. P. 54(d)(1), including filing fees, copy fees, and delivery and service fees. Fed. R. Civ. P. 54(d)(1); *Metro. Life Ins. Co. v. Johnson*, No. 11 C 8210, 2012 WL 2192283, at *4 (N.D. Ill. June 13, 2012) (awarding costs to insurer for filing fees, delivery fees, and service fees).

20. Genworth has incurred $7,522.00 in attorneys' fees through December 31, 2019 and continues to incur attorneys' fees as the litigation continues. *See* Affidavit of Kaitlyn E. Luther attached hereto and incorporated herein as Exhibit 3, ¶ 4. Genworth has also incurred $527.03 in court costs and expenses through December 31, 2019 and continues to incur costs as the litigation continues. *See* Exhibit 3, ¶ 5. The total amount of fees and costs incurred by Genworth in this litigation through December 31, 2019 is $8,049.03.[1] *See* Exhibit 3, ¶ 6.

21. This is a reasonable amount of fees and costs for the work done. The fees for Genworth to file this action and seek discharge from liability were primarily incurred by Kaitlyn E. Luther, an Associate at the law firm of Chittenden, Murday & Novotny LLC. Her hourly rate on this matter ($250 for 2019) is reasonable based on her 7 years of experience and the fact that it is comparable to the rates of others practicing in her geographic area of Chicago, Illinois. Fees were also incurred by Julie F. Wall, a Member at the law firm of Chittenden, Murday & Novotny LLC. Her hourly rate on this matter ($325 for 2019) is reasonable based on her 20 years of experience and the fact that it is comparable to the rates of others practicing in her geographic area

---

[1] Genworth's billing records contain protected attorney work product and attorney client privileged information. Genworth can submit its billing records through December 31, 2019 to the Court for *in camera* review—so the records remain privileged—if the Court so requires.

of Chicago, Illinois. Fees were also incurred by other attorneys and staff at the law firm of Chittenden, Murday & Novotny LLC at hourly rates of $375, $115, and $75. These hourly rates are reasonable based on the years of experience of the attorneys and staff and the fact that they are comparable to the rates of other attorneys and staff in the geographic area of Chicago, Illinois. The hours billed by Ms. Luther, Ms. Wall, and other attorneys and staff are reasonable, as all the time was necessary to the filing of this action, to pursue Genworth's discharge from liability, and to pursue an award of fees and costs. Additionally, the costs other than attorneys' fees were reasonable and necessarily incurred in the filing of this action, including filing fees, delivery fees, and service fees and should be awarded to Genworth as a prevailing party under Fed. R. Civ. P 54(d).

22. This interpleader action has expeditiously resolved conflicting claims and will secure proper application of the fund. Moreover, prompt initiation of early litigation of the claims has benefited the interpleaded fund, and Genworth should not be burdened with the costs of such litigation. Given the amount of proceeds at issue in this case, Genworth should be awarded its attorneys' fees and costs, in the amount of $8,049.03, to be deducted from the Policy proceeds on deposit with the Registry of this Court.

23. This Court has jurisdiction over the subject matter of this cause and over the parties.

24. Genworth has done all that is required by law to perfect its interpleader action.

25. Genworth has properly served a copy of this Motion for Final Judgment Order in Interpleader and Petition for Fees and Costs on all appearing Defendants.

26. Genworth submits its proposed Final Judgment Order in Interpleader to the Court pursuant to and in accordance with Judge Gettleman's case management procedures.

**WHEREFORE**, Genworth Life and Annuity Insurance Company prays that this Honorable Court enters an order granting the following relief:

A. Enjoining Ellen Hubbell, Jordyn Tsoukalas, A.T., any current or future guardian for A.T, and Athena Gordan, and each of them, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Genworth Life and Annuity Insurance Company in any state or federal court or other forum arising out of or related to Policy No. 9,353,018 and that said injunction issue without bond or surety;

B. Granting judgment to Genworth Life and Annuity Insurance Company and declaring that Genworth Life and Annuity Insurance Company has no further liability to Ellen Hubbell, Jordyn Tsoukalas, A.T., any current or future guardian for A.T, or Athena Gordan, or to any of them, or to any person or entity claiming through them, for the proceeds of Policy No. 9,353,018;

C. Finding that Genworth Life and Annuity Insurance Company has acted in good faith by interpleading its admitted liability under Policy No. 9,353,018 with the Clerk of the Court;

D. Excusing Genworth Life and Annuity Insurance Company from further attendance in this cause, ordering Ellen Hubbell, Jordyn Tsoukalas, A.T., and any current or future guardian for A.T. to litigate their claims and contentions concerning Policy No. 9,353,018 without further involving Genworth Life and Annuity Insurance Company, and dismissing Genworth Life and Annuity Insurance Company from this cause with prejudice with an express finding under Fed. Rule Civ. P. 54(b) that there is no just reason for delaying either enforcement or appeal of the interpleader judgment;

E. Awarding Genworth Life and Annuity Insurance Company its actual attorneys' fees and court costs incurred in connection with prosecuting this Complaint for Interpleader, in the amount of $8,049.03 with such fees and costs to be deducted from the amount deposited with the Court;

F. Ordering the Clerk to disburse $8,049.03 in a check made payable to Genworth Life and Annuity Insurance Company, which shall be mailed to Julie F. Wall, Chittenden, Murday, & Novotny LLC, 303 W. Madison, Suite 1400, Chicago, Illinois 60606;

G. Dismissing Athena Gordan from further attendance in this cause and with Athena Gordan to bear her own attorneys' fees and costs; and

H. Granting Genworth Life and Annuity Insurance Company such further and other relief as this Court deems just and appropriate.

Dated: **January 17, 2020.**

                                        Respectfully submitted,

                                        CHITTENDEN, MURDAY & NOVOTNY, LLC.


                                  By: /s/ Kaitlyn E. Luther
                                          One of the Attorneys for Plaintiff
                                          Genworth Life and Annuity Insurance Company

Julie F. Wall (jwall@cmn-law.com)
Kaitlyn E. Luther (kluther@cmn-law.com)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)

## CERTIFICATE OF SERVICE

  I hereby certify that on **January 17, 2020**, I electronically filed the foregoing **Genworth Life and Annuity Insurance Company's Motion for Final Judgment Order in Interpleader and Petition for Fees and Costs**, and documents described therein, with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following registered CM/ECF participants:

Elias Martin Gordan
15255 S. 94th Avenue, #500
Orland Park, IL 60462
(708) 923-9735
gordanlaw@att.net
*Attorney for Athena Gordan*

Jay A. Andrew
Drost, Gilbert, Andrew & Apicella, LLC
4811 Emerson Avenue, Suite 110
Palatine, IL 60067
(847) 934-6000
jaa@dgaalaw.com
*Attorney for Ellen Hubbell*

Kevin K. McCormick
DeWald Law Group PC
1237 S. Arlington Heights Road
Arlington Heights, IL 60005
(847) 437-1246
kmccormick@dewaldlawgroup.com
*Attorney for Jordyn Tsoukalas and Ellen Hubbell as Guardian for A.T.*

           /s/ Kaitlyn E. Luther