IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | Case No. 19 CV 6547 |
| v. ) ) ) | Judge Robert W. Gettleman |
| ELLEN HUBBELL, JORDYN TSOUKALAS, ) IRA COHEN *As Guardian Ad Litem On Behalf* ) *Of A.T., A Minor,* ATHENA GORDON, ) ELLEN HUBBELL, *As Guardian Of A.T.* ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Genworth Life and Annuity Insurance Company filed a complaint for interpleader to resolve competing claims to a $300,000 life insurance policy issued by plaintiff to its insured Christ Tsoukalas (the "insured"). Defendants Ellen Hubbell, Jordyn Tsoukalas, A.T. (a minor), and Athena Gordon are the former spouse, children, and sister of plaintiff's insured and the potential claimants. After depositing $306,593.69 representing the full death benefit plus accrued interest into the court's registry, plaintiff has moved for a final order in interpleader and a petition for over $15,000 in attorneys' fees and costs [Doc. 22]. For the reasons set forth below, the court grants plaintiff's motion for final order of interpleader and denies its petition for attorneys' fees and costs.[1]

**Background**

---

[1] None of the defendants dispute Genworth's entitlement to a final order of interpleader.

Plaintiff issued a $300,000 life insurance policy to the insured in May 2003. His spouse at the time, defendant Ellen Hubbell, was designated as the primary beneficiary, and his sister, defendant Athena Gordon, was designated as contingent beneficiary. In 2010, the insured and defendant Ellen Hubbell divorced. Their divorce settlement required the insured to maintain life insurance for at least $300,000 for the couple's two children, defendants Jordyn Tsoukalas and A.T. Plaintiff never received any request from the insured to change the beneficiary designation at any time during the life of the policy. The insured died on December 12, 2018.

At the time of his death, the insured had a separate life insurance policy with another company. While defendant Ellen Hubbell was still named as the primary beneficiary on the policy issued by plaintiff, it was unclear to plaintiff and defendants which policy would provide the $300,000 benefit to the insured's children, as required by the divorce settlement. Plaintiff admits its liability for the policy proceeds, but because there are conflicting claims to the funds, plaintiff has brought this interpleader action due to concern about being subject to multiple liability should it pay out the wrong claimant.

**Discussion**

Courts have discretion to award attorneys' fees in interpleader actions like this when: "(1) the party seeking fees is a disinterested stakeholder; (2) the party concedes liability for the funds; (3) the party deposited the funds into the court; and (4) the party sought discharge from liability." Thrivent Financial for Lutherans v. Warpness, 2017 WL 2790235, at *2 (E.D. Wisc. 2017) (citing Hartford Life & Acc. Ins. Co. v. Sabol, 2010 WL 519725 (E.D. Wisc. 2010); Law Offices of Beryl A. Birndorf v. Joffe, 930 F.2d 25, 25 (7th Cir. 1991)). A court may award fees when "the stakeholder's efforts are not part of its normal course of business." Aaron v. Mahl, 550 F.3d 659, 667 (7th Cir. 2008) (citations omitted).

Courts within the Seventh Circuit have taken differing approaches to interpleader actions brought by insurance companies. Some have held that these actions are generally within the course of normal business for an insurance company. "[A]ttorneys' fees should not be granted to the stakeholder as a matter of course in interpleader actions concerning the proceeds of insurance policies." Minnesota Mut. Life Ins. Co. v. Gustafson, 415 F. Supp. 615, 618 (N.D. Ill. 1976). Judge Adleman in the Eastern District of Wisconsin saw "no reason to award fees to an insurance company that files an interpleader action for the purpose of resolving a dispute over the proper distribution of policy benefit." Midland Nat. Life Ins. Co. v. Ingersoll, 2014 WL 7240268, at *3 (E.D. Wisc. Dec. 14, 2014). Conversely, Judge Griesbach of the same district recently held that interpleader actions are "the exception and are hardly an ordinary part of the business of life insurance companies." Thrivent Financial, 2017 WL 2790235, at *3.

Plaintiff argues that the Thrivent approach is correct. The interpleader action is outside the company's normal course of business, plaintiff argues, because this type of confusion over the correct claimant is rare and occurs only due to a policy holder's carelessness. The instant action was necessary, plaintiff further argues, only because the insured failed to update the beneficiary designation after his divorce. As the insured's successors, defendants should be responsible for the expense caused by his omission.

The court disagrees with plaintiff and instead agrees with the approach taken in Ingersoll and Gustafson. Bringing an interpleader action is within the normal course of business for a life insurance company like plaintiff for several reasons. First, the interpleader action primarily protects the company's own interests. Further, the potential for conflicting claims to policy proceeds is an inherent and predictable risk for a life insurance company. Finally, plaintiff's actual efforts to resolve this dispute were relatively simple.

Plaintiff is protecting its own interests by bringing the interpleader action. "Although it is true that an interpleader action benefits both claimants and the courts by promoting expeditious resolution of the controversy in one forum, the chief beneficiary of an interpleader action is the insurance company." Minnesota Mut. Life Ins. Co. v. Gustafson, 415 F. Supp. 615, 618 (N.D. Ill. 1976). Plaintiff's interpleader action does benefit defendants in a few important ways. Deposited with the court, the policy proceeds are secured and preserved while the dispute is resolved. The litigation is also simplified when plaintiff admits and discharges its liability at an early stage. Nonetheless, the benefits to plaintiff are more substantial. Plaintiff is preventing its own exposure to multiple liability and limiting its overall litigation costs in this matter. This court agrees with the reasoning in Gustafson that as a general rule, claimants should not bear the cost of an insurance company protecting its own interests with interpleader. Id., at 619.

Because a conflict over policy proceeds is an inherent risk for insurance companies, litigation stemming from such a conflict is within a company's normal course of business. *E.g.*, Id., at 618 ("An inevitable and normal risk of the insurance business is the possibility of conflicting claims to the proceeds of a policy."); Midland Nat. Life Ins. Co. v. Ingersoll, 2014 WL 7240268, at *3 (E.D. Wisc. Dec. 14, 2014) ("[A]n insurance company must expect that such disputes will arise from time to time and must accept the risk that it will sometimes be subject to multiple and conflicting claims to policy benefits."). Even if most of a company's life insurance policy proceeds are uneventfully paid out to clearly identified beneficiaries, a company like plaintiff can anticipate that this type of dispute will happen occasionally. Plaintiff contends that the insured was careless in failing to clarify the beneficiary designation after his divorce. Even if he was, an insurance company can also plan for the inevitability that many of its customers will divorce over the lives of their policies and that some of those customers will fail to change their

4

beneficiaries. Weighing possible future expenses against their probability of occurrence is precisely what an insurance company does when it sets premiums. This ability to mitigate costs ahead of time importantly distinguishes insurance companies from other types of stakeholders who might bring an interpleader action. As an inherent risk that a company like plaintiff can plan to mitigate, this interpleader action is within the normal course of business.

Finally, plaintiff's efforts to resolve the dispute were not complex or extraordinary. Partial attorneys' fees were awarded in a similar interpleader action when the plaintiff insurance company had to locate its insured's new spouse internationally and a state statute appeared to preclude one of the defendant's claim to the policy proceeds. Thrivent Financial, 2017 WL 2790235, at *2-*4. The instant case is far simpler. Plaintiff did not have to search for any of the possible claimants, and state law did not alter the beneficiary designation after the insured's divorce. The complaint states that, prior to bringing the interpleader action, plaintiff communicated with defendants about the policy proceeds between January 2019 and July 2019. Back and forth communication, even over several months, is not comparable to the obstacles facing the company in Thrivent Financial. The facts of the instant case do not support plaintiff's position that its efforts to resolve this dispute were beyond its normal course of business. Consequently, plaintiff's petition for attorneys' fees is denied.

ENTER: August 26, 2020

Robert W. Gettleman
United States District Judge

5